IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| JANET I. HIPPLE, | : | BANKRUPTCY NO.: 5-05-bk-55269 |
| | : | |
| DEBTOR | : | |
| | : | |
| CHARLES A. SZYBIST, ESQ., | : | {**Nature of Proceeding**: Complaint to |
| TRUSTEE OF THE BANKRUPT | : | Recover Fraudulent Transfer} |
| ESTATE OF JANET I. HIPPLE, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| LONNY E. HIPPLE, | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-06-ap-50011** |

# OPINION[1]

11 U.S.C. § 544(b)(1) reads as follows:

**§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers**
　　　　(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

Exercising the authority granted to a trustee to stand in the shoes of an existing

unsecured creditor, the Trustee filed the underlying adversary seeking to void the transfer

of Debtor's real property to her son, with said transfer taking place approximately three

years prior to filing the bankruptcy. The Trustee asserts that the transfer of the real

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy\Opinions-Orders filed 2009\5-06-ap-50011_Hipple.pdf]

property is voidable pursuant to Pennsylvania's Uniform Fraudulent Transfer Act at 12

Pa.C.S.A. § 5101 et seq. and §§ 5104(a)(2) and 5105.  Based upon the allegations in the

Complaint and the aforementioned fraudulent conveyance act, the Trustee requests that

the Defendant be required to deliver to the Trustee the real property subject to the

adversary Complaint and to account to the Trustee for the proceeds should the property

have been heretofore disposed.

The parties have agreed that resolution of the underlying adversary depends on

whether the Debtor reserved a life estate or an equivalent restriction for both herself and a

co-occupant currently living in the property, Daisy Myrick, or whether the Debtor only

reserved for herself a license or personal right and privilege to live on the property for the

rest of her and Ms. Myrick's lives.

The operative language in the Deed that the Plaintiff points to supporting his

argument that the Debtor did not reserve to herself a life estate is the following:

> Janet I. Hipple is getting older and it is more difficult for her to
> maintain the above described property by herself.  Her son, Lonny E.
> Hipple, has agreed that if Janet I. Hipple will convey the above described
> property to him that he will continue to provide a home on this property for
> Daisy Myrick and he will provide a home on this property for Janet I.
> Hipple.  Janet I. Hipple and Daisy Myrick both agree that this is the best
> way to maintain this property so that it can continue to provide a home for
> Daisy Myrick and Janet I. Hipple.  Daisy Myrick and Janet I. Hipple are
> both executing this deed to show their consent to having this property
> conveyed to Lonny E. Hipple.

Trustee's Exhibit 2 [Deed dated April 17, 2003; filed in the Lycoming County Recorder
of Deeds, April 28, 2003 at Book 4541 at Page 17.]

Both parties stipulated at the hearing that the fair market value of the real estate

was $50,000.  The Defendant, Lonny E. Hipple, paid to his mother, the Debtor, $38,491

for the property.  In short, the Defendant argues that because the property was transferred

with the two restrictions, the amount paid by the Defendant was for full consideration,
and therefore, the Trustee's Complaint that there was a fraudulent conveyance under the
Pennsylvania Uniform Fraudulent Transfer Act must fail.

To reiterate, the primary issue as stipulated by the parties is whether the above-
quoted language in the Deed from the Debtor into the Defendant created a life estate in
the Defendant and Ms. Myrick.

I have had prior occasion to address an issue very similar to the one presented in
this case namely, whether a life estate was created by a certain deed, in the case of *Felker
v. Stuart Title Guarantee Company (In re Felker),* 211 B.R. 165 (Bkrtcy.M.D.Pa. 1997);
*aff'd* 168 F.3d 478 (3d Cir. 1998). In the *Felker* case, I determined that the threshold
issue was whether the language in the subject deed supported a claimed reservation of a
life estate under Pennsylvania law. In that regard, I wrote the following:

> A review of the conveyance of June 30, 1983 must begin with an
> analysis of the instrument. In performing that task, the Court utilizes the
> fundamental doctrine that it is the meaning of the words used that governs
> the interpretation of a deed, not what the parties may have intended by the
> language used. *Krill v. Petitto*, 405 Pa. 203, 175 A.2d 54 (1961). While
> "the meaning of the words" are of special import, this Court is further
> advised that no particular words or phrases are necessary in order to create
> or reserve a life estate. *Appeal of the Board of School Directors of the
> Owen J. Roberts School District*, 500 Pa. 465, 470, 457 A.2d 1264, 1266
> (1983), *Cheroka v. Tobolski*, 151 Pa.Super. 238, 240, 30 A.2d 152 (1943),
> Restatement of Property § 107 cmt. e (1936). "A deed will operate to
> convey a life estate where, from a consideration of the entire instrument,
> such appears to be the grantor's intent." 26 C.J.S. Deeds § 112 (1956).

*Id*. at 169.

A reading of the subject Deed together with the grant of the Deed into Janet I.

Hipple, (see Plaintiff's Exhibit 1)[2], does not support a conclusion that the Debtor reserved

for herself and Ms. Myrick a life estate in the property subject to the Deed into the

Defendant. See Plaintiff's Exhibit 2. The Court was not presented with any testimony.

Perhaps the Debtor, and for that matter the Defendant, have fallen the unwitting victims

of poor draftsmanship by the preparer of the Deed. I wrote in *Felker*, "[t]he life tenant

must pay the taxes, municipal assessments for sidewalk paving, and mortgage interest

accruing during his ownership." *Id.* at 168. I further wrote that "he is responsible for

ordinary course of business repairs and maintenance; but improvements of a permanent

nature, without the acquiescence of the remaindermen, are at his own expense even

though the property is thereby made more valuable." *Id*. at 168. I simply cannot ignore

the language of the Deed that "Janet I. Hipple is getting older and it is more difficult for

her to maintain the above described property by herself." Further, "Daisy Myrick and

---

[2] While the following language is contained in the recital portion of the Exhibit, the parties have made no effort to introduce the Award or Will referenced therein

> ALSO BEING the same land described in an Award of Real Estate from the Estate of Eleanor R. Campbell to Ronald Parker, Jr., which Award of Real Estate was recorded March 27, 1984 in Lycoming County Deed Book 1068 at Page 90.
> The above referred to Award of Real Estate stated on it that this house and 6.584 acre parcel goes to Ronald Parker, Jr. under the following condition, that he is to have this parcel of land providing he is willing to provide a home for Daisy Myrick as set forth in the Last Will and Testament of Eleanor R. Campbell. The Last Will and Testament of Eleanor R. Campbell was duly probated in the Register of Wills Office of Lycoming County, Pennsylvania on May 9, 1983. This Will provided that if Ronald Parker, Jr. predeceased Eleanor R. Campbell or died before Daisy Myrick died, that the house and approximately 6 acres was to go to Willard E. Hipple under the same terms and conditions. Ronald Parker, Jr. no longer desires to provide a home for Daisy Myrick and he and his wife, Rhena Parker, have executed an agreement with Willard E. Hipple and his wife, Janet I. Hipple, which states that Willard E. Hipple will provide a home for Daisy Myrick and Ronald Parker, Jr. and Rhena Parker, his wife agreed to convey all of their right, title and interest in and to the above described property to Willard E. Hipple and Janet I. Hipple, his wife, in consideration of them providing a home for Daisy Myrick.

Janet I. Hipple are both executing this deed to show their consent to having this property conveyed to Lonny E. Hipple." Clearly, maintenance of the property was not contemplated by the alleged life tenants. I am comfortable in this finding even though the grant to the Defendant does not include any standard appurtenance clause normally found in deeds. I find that the Debtor did not retain a freehold life estate subsequent to the granting of the Deed in question.

The next question becomes, what interest, if any, does the Debtor hold in the property? The Trustee argues that the Debtor retained for both herself and Ms. Myrick no more than a license or privilege to reside in the property for the rest of their lives. For the Debtor's part, she did not take a position but rested on the fact of an assertion that whatever interest she retained diminished the fair market value of the property. Therefore, the conveyance by her was for full consideration, and the Defendant obtained no uncompensated benefit available for turnover to the Trustee. Determining what, if any, interest the Debtor retained in the property subject to the Deed becomes more cumbersome than the determination that she definitely did not retain a life estate mainly because of the poor draftsmanship of the Deed. Focusing, as I must, not on the intention of the parties but the wording of the Deed, a cogent argument can be made that the Debtor did not even retain a tenancy at will or a license or privilege to stay on the instant property. The property in question contains a 6.584 acre parcel together with, presumably, an improvement referenced as a house. (The word "improvement" is not contained in the four corners of the Deed.) The Defendant's responsibility, at best, is to provide a "home on this property" for both Ms. Myrick and the Debtor. This rises no

higher than a claim that the Debtor or Ms. Myrick may have against the Defendant and does not compromise the value of the real estate at the time it was transferred to the Defendant. In fact, with regard to a similar provision in a Will, I has been held that no more than a license is established. *Calhoun v. Jester*, 11 Pa. 474, 474 (1848). Typically, a license is revocable at will. *Thompson v. Commonwealth*, 214 Pa. Super. 329, 336, 257 A.2d 639, 643 (1969). It normally does not extend beyond the transfer of the property. *Puleo v. Bearoff,* 376 Pa. 489, 103 A.2d 759 (1954).

I conclude that the Trustee's Complaint is justified and will enter judgment in favor of the Plaintiff/Trustee and against the Defendant, Lonny Hipple. If the property remains in possession of Lonny Hipple, I direct that it be conveyed to the Trustee, subject to a lien in favor of Lonny Hipple for the stipulated amount of consideration or $38,491. If the property is no longer in possession of the Defendant, Lonny Hipple is directed to render an accounting to the Trustee of the proceeds therefrom within thirty (30) days of the date of this Order.

My Order will follow.

Date: October 9, 2009

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*